FILED

2010 MAY -6  PM 3: 37

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>PAUL ANDREW SILMAN,<br><br>Defendant. | Case No. 09cr3879-WQH<br><br>PRELIMINARY ORDER OF<br>CRIMINAL FORFEITURE |

WHEREAS, in the Indictment in the above-captioned case, the United States sought forfeiture of all right, title and interest in specific properties against the above-named Defendant, PAUL ANDREW SILMAN ("Defendant"), as properties constituting, or derived from, any proceeds Defendant obtained, and all properties used and intended to be used to commit and facilitate the commission of, the violations set forth in Counts 1-6 of the Indictment pursuant to Title 21, United States Code, Section 853; and all properties involved in the violation set forth in Count 7 of the Indictment, pursuant to Title 18, United States Code, Section 982(a)(1); and

WHEREAS, on or about March 24, 2010, Defendant pled guilty before Magistrate Judge William McCurine, Jr. to Counts 1, 2, 3, 4, 5, 6, and 7 of the Indictment, and on April 9, 2010, this Court accepted the guilty plea of Defendant, which plea included consent to the forfeiture allegations of the Indictment; and

WHEREAS, by virtue of the facts set forth in the plea agreement, the United States has established the requisite nexus between the forfeited properties and the offense; and

|   |   |
|---|---|
| 1 | WHEREAS, by virtue of said guilty plea, the United States is now entitled to possession of said properties, pursuant to 21 U.S.C. § 853, 18 U.S.C. 982(a)(1) and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and |

WHEREAS, pursuant to Rule 32.2(b), the United States having requested the authority to take custody of the of the following properties which were found forfeitable by the Court, namely:

(a) Any and all funds in U.S. currency held in the name of the defendant as of October 4, 2009 in the following bank accounts: (1) Banregio Grupo Financerio - Acct. # 093-00362-001-6; (2) Scotia Bank - Acct. # 13002219840; (3) Banco Santander - Acct. # 83-50035279-3 (Client # 07204150); (4) Banorte - Acct. # 0560437515 (Client #18968123); (5) Banco Azteca; (6) Fondos Lloyd; (7) Banco de Bajio;

(b) The value of the real property in the Republic of Mexico, located at 9962 San Javier, San Augustine, Tijuana, Mexico, in the amount of $120,000 (U.S. currency), in the form of a personal money judgment against him;

(c) Approximately $3,252 in U.S. currency and $6,650 in Mexican pesos (equivalent to $485.99 in U.S. currency); and

(d) A substitute assets money judgment in favor of the United States in the amount of the $120,000 (U.S. currency), the value of the real property located at 9962 San Javier, San Augustine, Tijuana, Mexico; and

WHEREAS, Defendant has agreed to repatriate and transfer any and all funds held in his name as of October 4, 2009 in the above-described bank accounts to the United States forthwith and prior to sentencing; and

WHEREAS, of the aggregate total of funds to be repatriated to the United States from the above-described bank accounts, the Government has agreed to allow Defendant to maintain $30,000 to pay his attorney's fees; and

WHEREAS, the United States, having submitted the Order herein to the Defendant through his attorney of record, to review, and no objections having been received;

Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. Based upon the guilty plea of the Defendant, the United States is hereby authorized to take custody and control of the following assets, and all right, title and interest of Defendant PAUL ANDREW SILMAN in the following properties are hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n):

(a) Any and all funds in U.S. currency held in the name of the defendant as of October 4, 2009 in the following bank accounts: (1) Banregio Grupo Financerio - Acct. #

093-00362-001-6; (2) Scotia Bank - Acct. # 13002219840; (3) Banco Santander - Acct. # 83-50035279-3 (Client # 07204150); (4) Banorte - Acct. # 0560437515 (Client #18968123); (5) Banco Azteca; (6) Fondos Lloyd; (7) Banco de Bajio; and

(c)   Approximately $3,252 in U.S. currency and $6,650 in Mexican pesos (equivalent to $485.99 in U.S. currency).

(See below for assets b and d.)

Defendant is hereby directed and ordered to repatriate to the United States forthwith and transfer any and all funds held in his name as of October 4, 2009 in the above-described bank accounts to the United States prior to sentencing, less $30,000 that Defendant shall maintain to pay his attorney's fees.

2.   Once transferred, the aforementioned forfeited assets are to be held by the United States Marshals Service in its secure custody and control.

3.   Pursuant to Rule 32.2(b) and (c), the United States is hereby authorized to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

4.   Pursuant to the Attorney General's authority under Section 853(n)(1) of Title 21, United States Code, Rule 32.2(b)(3), Fed. R. Crim. P., and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, the United States forthwith shall publish for thirty (30) consecutive days on the Government's forfeiture website, www.forfeiture.gov, notice of this Order, notice of the United States' intent to dispose of the properties in such manner as the Attorney General may direct, and notice that any person, other than the Defendant, having or claiming a legal interest in the above-listed forfeited properties must file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.

5.   This notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property and any additional facts supporting the petitioner's claim and the relief sought.

6. The United States may also, to the extent practicable, provide direct written notice to any person known to have alleged an interest in the properties that are the subject of the Preliminary Order of Criminal Forfeiture, as a substitute for published notice as to those persons so notified.

7. Upon adjudication of all third-party interests, this Court will enter an Amended Order of Forfeiture pursuant to 21 U.S.C. § 853(n) as to the aforementioned assets, in which all interests will be addressed.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED:

8. Pursuant to Fed. R. Crim. P. 32.2(b)(1), defendant has also agreed to the entry of a forfeiture money judgment in favor of the United States in the amount of **$120,000** (United States dollars), which represents a partial amount of the proceeds obtained directly or indirectly by the defendant as a result of the offenses charged in Counts 1-7 of the Indictment, according to the following terms from his plea:

    (b)    The value of the real property in the Republic of Mexico, located at 9962 San Javier, San Augustine, Tijuana, Mexico, in the amount of $120,000 (U.S. currency), in the form of a personal money judgment against him;

    (d)    A substitute assets money judgment in favor of the United States in the amount of the $120,000 (U.S. currency), the value of the real property located at 9962 San Javier, San Augustine, Tijuana, Mexico.

The Clerk of the Court is directed to enter a judgment in favor of the United States against Defendant in the amount of **$120,000** with interest to accrue thereon in accordance with law.

9. Rule 32.2(c)(1) provides that "no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment."

10. This Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment.

11. Pursuant to Rule 32.2(b)(3), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment.

12. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to substitute property having a value not to exceed $120.000 to satisfy the money judgment in whole or in part.

13. The United States may take any and all actions available to it to collect and enforce the judgment.

DATED: 5/5/10

WILLIAM Q. HAYES, Judge
United States District Court